# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| CARL A. DAVIS | CIVIL ACTION NO. 6:11-cv-0794 |
|     LA. DOC # 305586 | |
| VS. | SECTION P |
| | JUDGE DOHERTY |
| WARDEN, LAFAYETTE PARISH | |
| CORRECTIONS CENTER | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Carl A. Davis filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 18, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Lafayette Parish Corrections Center, Lafayette, Louisiana. Petitioner attacks his August 13, 2009 conviction for second offense possession of cocaine in the Fifteenth Judicial District Court, Lafayette Parish. This matter has been assigned to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

Utilizing the form provided to Louisiana prisoners applying for post-conviction relief pursuant to La. C.Cr.P. art. 924 *et seq*.,  petitioner filed this pleading in the United States Court seeking *habeas corpus* relief pursuant to 28 U.S.C. §2254.  According to the pleading, petitioner pled guilty to a charge of second offense possession of cocaine on August 13, 2009 and, in accordance with a plea agreement,  he was sentenced to serve 7 years at hard labor. [Doc. 1, ¶ 1-5]

Petitioner did not appeal his judgment of conviction [*Id*., ¶10][1], nor did he file an application for post-conviction relief in the Louisiana courts. [*Id*., ¶12]

As noted above, he filed the instant pleading on May 18, 2011. Petitioner now contends that his court-appointed attorney rendered ineffective assistance of counsel resulting in the entry of an involuntary guilty plea.

### Law and Analysis

### 1. Timeliness under § 2244(d)(1)(A)

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith*, 142 F.3d 832, 834, citing *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[1] Indeed, under Louisiana law, petitioner could not appeal his conviction or sentence since he pled guilty pursuant to a plea bargain and was apparently sentenced in accordance in accordance with a plea agreement. *See State v. Crosby*, 338 So.2d 584 (La.1976)(An unqualified guilty plea waives all non-jurisdictional defects.) *See* also La.Code Crim.P. art. 881.2(A)(2)("The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.") See also *State v. Young*, 1996-0195 (La.10/15/96), 680 So.2d 1171 (Art. 881.2's prohibition applies both to agreed upon sentences and to agreed upon ceilings, "ranges" or "caps.")

  
such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on August 13, 2009. Under the provisions of La. C.Cr.P. art. 914, petitioner had a period of 30 days  within which to file a Motion for Appeal[3] or, until on or about September 13, 2009.  Since petitioner's judgment of conviction and sentence became final under the AEDPA on September 13, 2009,  he had one year, or until on or about September 13, 2010 to file his federal *habeas corpus* petition. The instant petition was filed on May 18, 2011 – more than eight months after the AEDPA's 1-year period of limitations expired – and is clearly time-barred under

_____

[2] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing; nor does his claim arise as a result of a newly recognized Constitutional right; nor does it involve the recent discovery of the factual predicate of his claims.

[3] La. C.Cr.P. art. 914(b)(1) provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Of course, this is a recommendation, and, as instructed below, petitioner may object to the recommendation. Should he choose to do so, he is encouraged to provide evidence and argument to support any claim that his federal *habeas corpus* was timely or, that he

is otherwise entitled to the benefits of statutory or equitable tolling.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from**

**service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana September 22, 2011.

_____

**PA**                                                          

**UN**                                                    **GE**

6